**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

**EXPEDITED HEARING REQUESTED**

| | |
|---|---|
| **In re:** | **Case No.: 6:18-bk-06259-KSJ** |
| **DANA MICALLEF,** | **Chapter 7** |
| Debtor. | |
| _____/ | |

**TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY**
**OF THE ESTATE AND REQUEST FOR EXPEDITED HEARING**

Pursuant to 11 U.S.C. §§521(a)(3) and (4), 541, 542 and Bankruptcy Rule 4002 Gene T. Chambers, Chapter 7 Trustee (the "Trustee"), by and through the undersigned counsel, submits this Motion for Turnover and **Request for Expedited Hearing**, and states as follows:

1. The Debtor, Dana Micallef ("Debtor" or "Mr. Micallef") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on October 10, 2018.  Subsequently the Court granted a motion by the U.S. Trustee to convert the case to Chapter 7 (Doc. No. 46) and the Order Converting the case from Chapter 11 to Chapter 7 was entered on January 23, 2019 (Doc. No. 48).

2. Gene T. Chambers was appointed as the Chapter 7 Trustee in this case.

3. Debtor's 11 U.S.C. §341 meeting with the Chapter 7 Trustee was held and concluded on March 22, 2019.

4. The Trustee timely objected to the Debtor's use of homestead exemption, Fla. Const. Art X,§4(a)(1), Fla. Stat. Ann. §§222.01 and 222.02 as it relates to real property having an address of 1888 John Anderson Drive, Ormond Beach, Florida 32176 (the "Property").  This Court heard

argument of Counsel on August 13, 2019, finding that the Trustee's objections had merit.

5. This Court's order sustaining the Trustee's objection, limiting the Debtor's use of the homestead exemption to $160,375.00 in accordance with Bankruptcy Code §522(p) and requiring the Debtor to cooperate with the Trustee in her efforts to liquidate the property was entered on August 19, 2019 (Doc. No. 108).

6. Since the hearing date of August 13, 2019, the Trustee has endeavored to work with the Debtor and his Counsel to work out a settlement based on the Debtor's desire to retain the property. The Debtor and the Trustee have been unable to reach an agreement.

7. The Trustee has an obligation to preserve property of the Bankruptcy Estate for the benefit of its creditors. At this time the Trustee is deeply concerned regarding the state of the house and, more particularly, that damage or neglect may be occurring to the Property.

8. The Debtor's duties set out in 11 U.S.C. §521(a) require the Debtor to "...cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;" (Id, at ¶3) and to "...surrender to the trustee all property of the estate...) (Id, at ¶4).

9. The Debtor, by failing to work out an agreement for either the retention of the Property by the Debtor or the sale of the property by the Trustee, is not cooperating with the Trustee, nor is he surrendering the Property by making arrangements for he and his family to vacate the Property.

10. The Trustee requests this Court grant this Motion for Turnover of the Property and order the Debtor to immediately vacate the Property.

11. Since there is no way to ensure that the Property will be properly preserved for the benefit of the estate, the Trustee believes that an expedited hearing is necessary.

## CERTIFICATE OF NECESSITY
## OF REQUEST FOR EXPEDITED HEARING

12. An expedited hearing is requested on this Motion for Turnover because it is important to ensure the preservation of property of the bankruptcy estate. At this time the Trustee has no information regarding whether the subject real property is being properly maintained, if items are being removed or if damage to the Property is occurring.

13. The Debtor has failed to reach an acceptable arrangement with the Trustee regarding the Property despite the Trustee's efforts to allow the Debtor and his family to use the premises for a reasonable time while the Trustee and the Debtor negotiate.

14. The Trustee believes an expedited hearing is necessary so that access to the Property can be obtained as quickly as possible to ensure the Property is protected and preserved for the benefit of the Bankruptcy Estate.

15. The Court, in its August 19, 2019 order (Doc. No. 108), has already deemed the Property to be property of the estate and has ordered the Debtor to "...cooperate as needed to facilitate the liquidation of the property and in no way shall he hinder, delay or otherwise interfere with its liquidation." Therefore, the Trustee estimates that approximately fifteen minutes will be necessary for a hearing on this motion.

WHEREFORE, the Trustee moves this Court to enter its order:

1. Requiring the Debtor and his family to immediately vacate the Property;

2. Ordering the Debtor to take all necessary precautions to ensure that the Property is not destroyed while he is vacating and to leave all appliances, built-in cabinets, shelving and other attached improvements to the property

in place and to leave the Property in "broom clean" condition; and

4. For such further relief as this Court deems just and reasonable.

Executed this 4th day of November, 2019.

                                             */s/ Cynthia E. Lewis*
                                             Cynthia E. Lewis
                                             Florida Bar No. 53076
                                             Lewis & Monroe, PLLC
                                             651 Rugby Street
                                             Orlando, FL 32854-0163
                                             PH:    (407) 872-7447
                                             Fax No.  (407) 246-0008
                                             Email: clewis@lewismonroe.com
                                             Attorney for Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion For Turnover and For Expedited Hearing has been sent by U.S. Mail delivery or electronic transmission on this 4th day of November, 2019 to: United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801; Gene T. Chambers, P.O. Box 533987, Orlando, FL 32853; Walter Snell, Esquire, Snell & Snell, P.A., 436 N. Peninsula Dr., Daytona Beach, FL and Dana M. Micallef, 1888 John Anderson Drive, Ormond Beach, FL 32176.

                                             */s/ Cynthia E. Lewis*
                                             Cynthia E. Lewis