**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

**EXPEDITED HEARING REQUESTED**

In re:                                                          **Case No.: 6:18-bk-06259-KSJ**

**DANA MICALLEF,**                                        **Chapter 7**

    **Debtor.**
_____/

**TRUSTEE'S MOTION TO HOLD DEBTOR**
**IN CONTEMPT OF COURT FOR VIOLATION OF COURT ORDER**
**REQUIRING HIM TO VACATE PROPERTY OF THE BANKRUPTCY ESTATE**

Chapter 7 Trustee, Gene T. Chambers ("Trustee"), by and through the undersigned counsel, hereby files this motion against Debtor, Dana Micallef ("Debtor") for violating this Court's Order Granting Trustee's Motion for Turnover of Property of the Estate (Doc. No. 126) which was modified to extend the deadline for Debtor to vacate the property at 1888 John Anderson Drive, Ormond Beach, Florida to February 7, 2020 by Order Granting Debtor's Motion for Reconsideration (Doc. No. 132). Debtor has failed to abide by the provisions of these orders, thereby damaging the bankruptcy estate, and in support the Trustee states as follows:

1.      The Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on October 10, 2018. Subsequently the Court granted a motion by the U.S. Trustee to convert the case to Chapter 7 (Doc. No. 46) and the Order Converting the case from Chapter 11 to Chapter 7 was entered on January 23, 2019 (Doc. No. 48).

2.      The Trustee timely objected to the Debtor's use of homestead exemption, Fla. Const. Art X,§4(a)(1), Fla. Stat. Ann. §§222.01 and 222.02 as it relates to real property having an address

of 1888 John Anderson Drive, Ormond Beach, Florida 32176 (the "Property"). This Court heard

argument of Counsel on August 13, 2019, finding that the Trustee's objections had merit.

3.    This Court's order sustaining the Trustee's objection, finding that the Property is

property of the Bankruptcy estate, limiting the Debtor's use of the homestead exemption to

$160,375.00 in accordance with Bankruptcy Code §522(p) and requiring the Debtor to cooperate

with the Trustee in her efforts to liquidate the property was entered on August 19, 2019 (Doc. No.

108).

4.    Since the hearing date of August 13, 2019, the Trustee endeavored to work with the

Debtor and his Counsel to work through issues regarding the Debtor and the Property which included

the following:

      a.    Allowing the Debtor time to decide if he wanted to purchase the property
from the bankruptcy estate or surrender it;

      b.    Allowing the Debtor time to attempt to find funding to "purchase" the
Property from the Bankruptcy Estate or to present his own buyer. Continuing
the conversation over at least two months;

      c.    Patiently awaiting responses while working around vacation time; and

      d.    Multiple attempts over the course of a month by realtor to video and
photograph the property for a listing only to have them cancelled at the last
minute.

5.    The Trustee, unable to garner the cooperation of the Debtor to get the Property ready

for sale, filed a Motion for Turnover on November 4, 2019 ( Doc. No. 114). The Court heard

argument of Counsel on November 19, 2019 wherein the Parties reached an agreement regarding the

date the Debtor would vacate the Property. The Agreed Order Granting Trustee's Motion for

Turnover of Property of the Estate (Doc. No. 126) ("Turnover Order") was entered by the Court on

December 3, 2019.

6.     The Turnover Order contained provisions that included, among others, that the Debtor

and his family could stay in the Property until January 6, 2020 so that his children could have the

holidays "at home."   The Turnover Order also required the Debtor to work with the Trustee's

Realtor to show the Property to potential buyers and to leave the property in "broom clean" condition

once it was vacated.

7.     Since the hearing date of November 19, 2020 on the Trustee's Motion for Turnover

the Trustee has continued to work with the Debtor:

> a.     By agreeing to extend the Turnover Order deadline for Debtor to vacate the Property to the status conference hearing date of January 22, 2020 due to the Debtor's involvement in an automobile accident causing him serious injury;
>
> b.     By agreeing to once again extend the Court Ordered date for Debtor to vacate the property from February 7, 2020 (See, Order Granting Debtor's Motion for Reconsideration, Doc. No. 132 "Reconsideration Order") to February 11, 2020 to accommodate the movers' schedule as requested by the Debtor;
>
> c.     By continuing to work with Debtor's Counsel to coordinate turnover of keys and garage door openers through February 21, 2020. Debtor ultimately indicated he had no keys or garage door openers and none have been provided to Trustee;
>
> d.     By notifying Debtor's Counsel three days in advance that Trustee would change locks on the Property since the Debtor would not vacate the Property and would not turn over the keys and garage door openers.  Locks changed on February 22, 2020;
>
> e.     By requesting that the trash left on lawn and two automobiles left in driveway are removed by Debtor.  As of this date, it is the Trustee's understanding that the trash and the automobiles remain on the Property.

8.     It is clear that the Trustee has been abundantly patient with the Debtor, allowing

multiple extensions of time at Debtor's request to allow him to find funding, find a bona-fide

purchaser, accommodate the children over the holidays, allow the Debtor to recover from his accident and allow the Debtor additional time to move out once he showed progress toward that end.

9.      However, despite the clear language of the most recent Reconsideration Order which set the date for Debtor to be clear of the Property by February 7, 2020, the Debtor was not out of the Property until some time after the Trustee had the locks changed on February 22, 2020. The Trustee understands from the neighbors that the Debtor somehow continued to access the Property through the garage entry even after the locks were changed. The Trustee believes the Property is now additionally secured so as to prevent further breach by the Debtor.

10.     The Turnover Order required Debtor to leave the Property in "broom clean" condition, however, the Property continues to have trash at the front of the structure on the Property and on the lawn despite multiple promises to have it removed. The driveway contains two automobiles that have no identification tags which would allow the Trustee to ascertain to whom the automobiles belong. The Trustee's Counsel has made multiple telephone calls to Debtor's Counsel requesting that the automobiles and trash are removed. As of this date, it is the Trustee's understanding that the trash and the automobiles remain. Debtor's Counsel has advised the Trustee that the vehicles will be moved by March 9, 2020 and that the trash will be placed by the curb for the trash service to take.

11.     These delays caused by the Debtor have impeded the Trustee's ability to have the house shown to potential buyers. The buyers who have been shown the Property have had to "overlook" the unkempt state of the Property. The Realtor has been unable to have an open house on the Property due to diminished curb appeal and has had to reassure potential buyers that the former owner would not be an impediment to closing on the Property since it was clear that the

4

Property was only partially vacated.

12.    The actions exhibited by the Debtor are in clear violation of this Court's Turnover and Reconsideration Orders.  The Debtor's blatant violation of these orders has caused the Bankruptcy Estate to incur considerable additional and unnecessary fees and costs.  It is anticipated that the costs associated with securing and cleaning the Property will be approximately $260.00 and the additional attorney fees incurred in dealing with the delays and accommodations are approximately $6,000.00 and are continuing to rise.

13.    The additional fees and costs incurred due to the Debtor's misdeeds regarding his vacation of the Property have prejudiced the Bankruptcy Estate and the unsecured creditors. Accordingly, the Trustee requests this Court surcharge the amount of Debtor's Claim to the Exempt portion of the Property of $160,375.00 by reducing it by the amount of fees and costs required to be expended by the estate to secure the property and to make continued accommodations due to the Debtor's delays.

14.    The Trustee requests this Court grant the Trustee's Motion to Hold the Debtor in Contempt of both the Turnover Order and the Reconsideration Order and to order the Debtor to immediately remove the trash and the automobiles from the Property.  In addition, the Trustee requests that the Debtor's share of the sale proceeds due from his allowed exemption be surcharged the amount of costs and attorney's fees expended due to his failure to comply with this Court's Orders.  Finally, the Trustee requests this Court to order the Debtor to have the automobiles moved from the premises immediately and to allow her to engage cleaning services to clean both the inside and outside of the home with any costs for such services added to the surcharge of Debtor's exemption.

5

15.    Any further delay in allowing the Property to be shown to potential buyers in its best light, continues to prejudice the Bankruptcy Estate and the unsecured creditors.

WHEREFORE, the Trustee requests this Honorable Court grant this Motion to hold Debtor in Contempt of Court for Violation of a Court Order allowing the Debtor's Homestead Exemption to be surcharged for the financial harm to the Bankruptcy Estate; ordering the Debtor to immediately remove the automobiles from the premises; allowing the Trustee to have the trash removed from the Property premises; employ cleaning professionals to bring the Property into the best condition to realize the maximum possible from a sale of the Property and for such other relief as this Court deems to be just and appropriate.

## CERTIFICATE OF NECESSITY
## OF REQUEST FOR EXPEDITED HEARING

16.    An expedited hearing is requested on this Motion to Hold the Debtor in Contempt of Court For Violation of Court Order Requiring Him to Vacate Property of the Bankruptcy Estate because it is important to ensure the preservation of property of the Bankruptcy Estate.

17.    The Debtor has continued to fail to fully vacate both the interior and exterior of the Property located at 1888 John Anderson Drive, Ormond Beach, FL.  The Debtor has left trash and automobiles despite multiple promises to remove them.

18.    The Trustee's Realtor cannot fully market the Property in its best light, including having photographs, open houses and otherwise ensuring potential buyers that the Property will be fully available should they choose to enter into a contract to purchase the Property.

19.    The Trustee believes that an expedited hearing is important since it is in the Bankruptcy Estate's best interest to present this Property for sale as soon as possible.

6

20.    The Trustee estimates that approximately fifteen minutes will be necessary for a hearing on this motion.

Executed this 7th day of March, 2020.

/s/ Cynthia E. Lewis
Cynthia E. Lewis
Florida Bar No.  53076
Lewis & Monroe, PLLC
651 Rugby Street
Orlando, FL 32804
PH:     (407) 872-7447
Fax No.  (407) 246-0008
Email: clewis@lewismonroe.com
Attorney for Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Hold Debtor in Contempt of Court For Violation of Court Order Requiring Him to Vacate Property of the Bankruptcy Estate and For Expedited Hearing has been sent by U.S. Mail delivery or electronic transmission on this 7th day of March, 2020 to: United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801; Gene T. Chambers, P.O. Box 533987, Orlando, FL 32853; Walter Snell, Esquire, Snell & Snell, P.A., 436 N. Peninsula Dr., Daytona Beach, FL and Dana M. Micallef, 1888 John Anderson Drive, Ormond Beach, FL 32176.

/s/ Cynthia E. Lewis
Cynthia E. Lewis