UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:
DANA MICALLEF
Debtor(s).

Case No.: 6:18-bk-06259-KSJ

/

## RESPONSE TO TRUSTEE'S MOTION FOR CONTEMPT

Debtor, by and through the undersigned attorney, hereby responds to Trustee's Motion to Hold Debtor in Contempt (Doc 133), as follows:

1. The Debtor admits the allegations set forth in Paragraphs 1, 2, 3, 6 and 10.

2. As to Paragraphs 4, Debtor acknowledges that the Trustee allowed additional time in hopes the Debtor could purchase back his home and to work around the undersigned counsel's vacation in August, but denies any delay in having the property videotaped by Trustee's agents.

3. As to Paragraph 5, Debtor denies that he was not cooperating in getting the property ready for sale as more explicitly set forth in Debtor's Response to Trustee's Motion for Turnover (Doc116), which denials and assertions Debtor re-asserts herein.

4. As to Paragraphs 7 and 10, Debtor admits the allegations therein with the exception of subsections 7d and 7e, which Debtor denies and disputes. Trustee's agent/realtor advised Debtor that removing the vehicles would help with curb appeal, but "no worries if they stay". As of the date hereof, the exterior of the property has been cleaned and vehicles removed.

5. As to Paragraph 8, Debtor acknowledges the Trustee's patience, but some delays were due to circumstances beyond his control.

6. As to Paragraph 9, Debtor vacated the property on February 13th with Trustee's consent, advising Trustee's agent that he would return to finish cleaning interior which he was doing until locks were changed. Debtor therefore denies the allegations herein.

7. As to Paragraph 11, Debtor denies that his actions have impeded the Trustee's agent/realtor's efforts to show the property to potential buyers. Debtor contends that the exaggerated listing price was precluding interest and/or showings. The recent reduction in listing price is more attributable to market conditions and the more realistic value of the property and will now likely generate more interest/showings.

8. As to Paragraph 12, most of the delays after the February 7th move-out date were related to Debtor's automobile accident injuries and limited mobility. Debtor has kept in touch with the Trustee's agent/realtor and his undersigned counsel as to his moving/cleaning efforts. The alleged additional attorneys' fees were unnecessary and unreasonable, and therefore Paragraph 12 is denied.

9. As to Paragraph 13, Debtor disputes and denies any request for deductions from his homestead proceeds as unnecessary and unreasonable. Under circumstances wherein a trustee takes control of a debtor's real property, it would be normal and expected there would be a final cleaning and lock change.

10. Based on the above-circumstances, Debtor requests this Court deny Trustee's request for contempt, and further provide that any reasonable expenses for preparing the home for further showings be deemed part of the Trustee's expense of the sale and/or an administrative expense of the estate, and not deducted from Debtor's homestead proceeds.

WHEREFORE, Debtor respectfully requests this Court deny Trustee's Motion.

Certificate of Service

I HEREBY CERTIFY that I have furnished a copy of the above and foregoing via Electronic Notice to Cynthia E. Lewis at clewis@lewismonroe.com; this 9th day of March, 2020.

SNELL & SNELL, P.A.

By: _____
WALTER J. SNELL, ESQ.
Florida Bar #729360
436 N. Peninsula Drive
Daytona Beach, FL 32118
(386) 255-5334/(386)-255-5335-fax
Attorney for Debtor
Email: snellandsnell@mindspring.com